

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 21, 1972

Hon. George W. McNeil            Opinion No. M-1175
State Auditor
Sam Houston State Office Bldg.   Re: Whether the Texas Credit
Austin, Texas  78711                 Union Department is sub-
                                     ject to the provisions of
                                     Article 6823a, Vernon's
                                     Civil Statutes (the Travel
                                     Regulation Act of 1959),
Dear Mr. McNeil:                     and related question.

        Your recent letter requesting the opinion of this
office concerning the referenced matter states, in part, as
follows:

        "In connection with our regular audit
    work at the Texas Credit Union Department
    we have observed that their current practice,
    with respect to the payment of a partial per
    diem allowance of either $3.00 or $5.00 to
    certain employees while working in the cities
    designated as those employees' headquarters.
    We are told that such partial per diem allow-
    ance is in lieu of in-town mileage, meals and
    other incidental travel expenses, and that the
    practice, with varying amounts and work areas,
    dates from the inception of the Department in
    1969.  We have also observed that employees
    traveling in areas outside their designated
    headquarter cities, but within the State,
    receive a per diem allowance of $18.00 plus
    10¢ per mile for the departmental use of their
    personally-owned automobiles.

        "The views of this office, which are
    based in part on the conclusions expressed
    in your Opinion M-978, October 20, 1971, and
    the practices of the Credit Union Department
    differ as to whether or not sufficient au-
    thority now exists for the use of departmental

-5740-

funds in this manner.  We desire the opinion
of your office with respect thereto.

"More specifically, is the Texas Credit
Union Department subject to Article 6823a, of
Vernon's Civil Statutes, referred to as the
'Travel Regulations Act of 1959', even though
its funds are maintained apart from the State
Treasury?

"If the answer to the foregoing question
is affirmative, is the Texas Credit Union
Department subject to the mileage and per
diem rates specified in the General Provisions
of the current General Appropriations Act?"

The Texas Credit Union Department was established in
1969 by Article 2461-38, Vernon's Civil Statutes.*  The Texas
Credit Union Commission was simultaneously created.  Article
2461-38 transferred the jurisdiction, authority, powers, and
duties theretofore conferred on the Banking Commission, in
relation to credit unions, to the Credit Union Commission and
Department.

Articles 2461-44 and 2461-47 provide for the compensa-
tion and expenses of the Credit Union Department.  Section (f)
of Article 2461-47 provides, in pertinent part, as follows:

". . . Notwithstanding anything to the con-
trary contained in any other law of this state,
all fees, penalties, charges, and revenues
collected by the Credit Union Department from
every source whatsoever shall be retained and
held by said department, and no part of such
fees, penalties, charges, and revenues shall
ever be paid into the General Revenue Fund of
this state.  All expenses incurred by the
Credit Union Department shall be paid only
from such fees, penalties, charges, and
revenues, and no such expense shall ever be
a charge against the funds of this state.  . . ."
(Emphasis added).

---

* All reference to Articles are to Vernon's Civil Statutes.

It is apparent that none of the travel expenses of the employees of the Credit Union Department are paid from the State Treasury pursuant to the provisions of any General Appropriations Act.

Section 2 of Article 6823a (the Travel Regulations Act of 1959), states, in part, as follows:

"The provisions of this Act shall apply to all officers, heads of state agencies, and state employees. . . ." (Emphasis added).

That Act then goes on to set certain standards and criteria for the payment of travel expenses of State employees.

The gravamen of your first question is, therefore, whether Articles 2461-38, 2461-44 and 2461-47 remove the Credit Union Department from the Travel Regulations Act.

In construing Article 6823, the predecessor of the Travel Regulations Act, it was held in Attorney General's Opinion No. O-4628 (1942) that Article 6823 applied only to the travel expenses of agencies and departments covered by the General Appropriations Act.

Moreover, Attorney General's Opinion No. WW-1053 (1961), in construing the Travel Regulations Act, specifically held that

"Since such employees are not being reimbursed for such travel from authorized amounts in the General Appropriations Acts, and are being compensated for their travel by non-state agencies only, such compensation, from local funds, does not violate Section 8 of the Travel Regulations Act of 1959, as the Travel Regulations Act is only applicable to funds appropriated by the Legislature." (Emphasis added).

See also Attorney General's Opinions Nos. O-5589 (1943), O-6066 (1944), WW-1095 (1961), WW-1222 (1961), and WW-1262 (1962) for similar holdings.

In light of the ample precedent afforded by the foregoing Opinions of the Attorney General, and the acquiescence of

the Legislature in such construction, we hold that the travel expenses of employees of the Texas Credit Union Department are not subject to the provisions of the Travel Regulations Act, inasmuch as the expenses are in no way paid with funds appropriated in the current General Appropriations Act.

You are further advised that the travel expenses of employees of the Credit Union Department may be paid pursuant to Section (f) of Article 2461-47, as that Section is the necessary pre-existing law authorizing the payment of such expenses.

Inasmuch as your first question has been answered in the negative, it is not necessary for us to answer your second question, as same was predicated only on the basis of an affirmative answer to your first question.

### S U M M A R Y

The travel expenses of employees of the Texas Credit Union Department are not subject to the provisions of the Travel Regulations Act of 1959, Article 6823a, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James McCoy
Michael Stork
Jim Swearingen
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant